# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| LARRY TABB, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 2:10-CV-42-TS |
| v. | ) | |
| | ) | |
| MATTHEW FROST, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Larry Tabb, a prisoner proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. This matter is before the Court pursuant to 28 U.S.C. § 1915A, which requires the Court to review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b).

Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, the Plaintiff's 35-page

complaint is not a model of clarity, but it is apparent that all of his claims arise from his prosecution for drug-related offenses in Porter County Superior Court, for which he is presently serving a 30-year sentence. *See Tabb v. Indiana*, 880 N.E.2d 337, 2008 WL 251981 (Ind. App. Ct. Jan. 31, 2008) (unpublished). He Complaint names nine different defendants, including law enforcement personnel, prosecutors, court staff, and his attorneys.

First, the Plaintiff raises claims against personnel from the Lake County Sheriff's Department and the Portage City Police Department in connection with their investigation, the execution of a search warrant at his home, and his arrest, all of which occurred in 2002 and 2003. [DE 1 at 3-5.] Even assuming that the Plaintiff's allegations state a claim for a Fourth Amendment violation, the claims are time-barred, since the events he complained of occurred well over two years ago. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims); *see also Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (Fourth Amendment claims for false arrest or unlawful searches accrue at the time of the violation). Accordingly, these claims must be dismissed.

Next, the Plaintiff raises claims against the prosecutors, various witnesses at his trial, the court reporter, the Porter County Clerk of Court, and his public defenders and private attorneys, who are all alleged to have been involved in a conspiracy to wrongfully convict him of the crimes with which he was charged. [Complaint at 8-29.] To the extent the Plaintiff's allegations survive prosecutorial immunity, witness immunity, and properly allege that the defendants were all state actors, his claims, if successful, would necessarily imply the invalidity of his criminal

2

conviction and are thus barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Accordingly, these claims must be dismissed as well.

For the foregoing reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 4, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION